MICHAEL MULLIGAN, Plaintiff, *v.* JOHN D. CRIMMINS, Defendant.

*Presumption of negligence — raised by an accident.*

There are cases where an accident raises a presumption of negligence.

A court is not able to say that a spicula would not be dislodged from a chisel by the blow of a heavy sledge, when the chisel was in good order.

MOTION by the plaintiff, Michael Mulligan, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance, after judgment dismissing the complaint, rendered at the Queens County Circuit on the 7th day of October, 1892.

The complaint in this action alleged that while the plaintiff was engaged as a laborer in the employment of the defendant the defendant required the plaintiff to use an unsafe and improper tool, to wit, a certain pickaxe, which the defendant required the plaintiff to hold upon a spike while it was being struck by a heavy hammer; that while the pickaxe was being held by the plaintiff, and was being struck by the heavy sledge or mallet, a piece of the metal was

broken from the axe by reason of its being an unsafe, defective and improper tool, which piece of metal struck one of the plaintiff's eyes, whereby plaintiff was damaged in the amount of $15,000.

The answer denied the allegations of the complaint, other than the plaintiff's employment, and alleged that the accident was caused by the plaintiff's own fault and negligence.

*H. A. Monfort*, for the plaintiff.

*Charles C. Nadal* and *Thomas S. Moore*, for the defendant.

PRATT, J. :

There are cases where the accident alone raises the presumption of negligence, but we do not think the present such a one.  We are not able to say that a spicula would not be dislodged from a chisel by the blow of a heavy sledge when the chisel was in good order.

There was no proof that the condition of the chisel before the blow was struck was a dangerous one, still less that a reasonable examination would have disclosed the danger.

We are, therefore, of opinion that the plaintiff failed to prove negligence on the part of the defendant.

The judgment must be directed for defendant.

DYKMAN, J., concurred ; CULLEN, J., not sitting.

Exceptions overruled and judgment ordered for the defendant upon the nonsuit, with costs.